ANTON ENTROP

*v.*

H. H. WILLIAMS.

An order granting leave to issue execution after the lapse of five years after judgment, is appealable.

Chapter 27, Laws of 1862, is not repugnant to, and does not repeal Section 85, page 568, Pub. Stat., and an execution may still be issued, though five years have elapsed since judgment was entered.

This is an appeal taken by the defendant from an order giving the plaintiff leave to issue execution on a judgment, after

the lapse of five years from its entry, on which no execution had issued. A sufficient statement of the case appears in the opinion of the court.

CHATFIELD & IRWIN, for appellant.

BROWN & PECK, for respondent.

*By the Court*—BERRY, J.—On the 31st day of April, 1858, judgment was entered and docketed in the District Court for Scott county, in favor of the respondent against the appellant, for $389 72. On the 28th day of July, 1865, no execution having been previously taken out, the respondent applied for an order granting leave to issue execution on such judgment. The order was granted, and an appeal taken therefrom. It is objected that no appeal lies from an order of this nature. The order is "made upon a summary application in an action after judgment." It is "*final*," because it is all the determination which the application can receive, and it is obvious that it affects a substantial right. It is therefore appealable by the terms of subdivision 6, Sec. 1, page 133, Laws 1861. See *Westervelt v. King*, 4 Minn. 320. This case calls for a construction of Chap. 27, Laws 1862, in connection with Sec. 85, page 568, Pub. Stat. Sec. 85 provides as follows: "After the lapse of five years from the entry of a judgment, if no execution has been already issued, an execution can be issued only by leave of the court, on motion, upon notice to the adverse party," &c.

· Chapter 27 enacts that "the party in whose favor judgment is given, may at any time, within five years after the entry thereof, proceed to enforce the same as provided by statute, but when no execution shall have been issued and levied, or returned no property found, within five years from the time of the entry of judgment, the lien of the judgment shall be determined, and the property of the judgment debtor dis-

Entrop v. Williams.

charged therefrom." It is claimed by the appellant, that Ch. 27, "by its operation and effect repeals Sec. 85;" that it pro- hibits execution "upon any judgment which has stood five years without the issuance of any execution thereon," and that the judgment is, in such case reduced "to a mere chose in action." If Chap. 27 in effect repeals Sec. 85, it does so, not expressly, but by implication only, and because of repug- nancy. It does not in terms prohibit the issue of an execu- tion after the lapse of five years; but it provides that if none be issued within that time, "the *lien* of the judgment shall be determined, and the property of the judgment debtor dis- charged therefrom." We hold that the clause, "the lien of the judgment shall be determined," and the clause, "the pro- perty of the judgment debtor discharged therefrom," are sub- stantially synonymous. The Legislature expressed the same idea twice, that there might be no mistake about it. The word "therefrom" refers to the *lien* of the judgment. If, then, notwitstanding the determination of the lien of the judgment, and the discharge of the debtor's property from such *lien*, there may be something upon which an execution can be levied, it follows that Chap. 27 and Sec. 85 may stand together, and that there is no necessary repugnancy between them; for by our construction, the effect of Chap. 27 is to dis charge property upon which the judgment is a lien, and not property upon which it is not a lien. Under Sec. 88, page 568, Pub. Stat., "until a levy, property is not affected by the execution." Now, clearly, a judgment is not a lien upon per- sonal property which has neither been attached nor levied upon, and as such property was never charged, it is not dis- charged from the lien of the judgment, and upon such pro- perty the execution may be levied. *Munn v. Leach*, 7 Barb. 349. Our conclusion, then, is that Chap. 27 does not operate as a repeal of Sec. 85; that notwithstanding the provisions of Chap. 27, an execution may properly be issued in a case like the case at bar; and we therefore affirm the order appealed from.